# MEMORANDUM

OF A

# CASE NOT REPORTED IN FULL.

MILTON WEBSTER, Appellant, *v.* NOAH H. COLE and. GILBERT PORTER, Executors, etc., of CYRUS WEBSTER, Deceased. JOHN WEBSTER and others, Respondents.

*When exceptions may be ordered to be heard in the first instance at General Term — a formal order must be entered — Review of a verdict rendered on the trial of issues, ordered on appeal from a surrogate's decree — Code of Civil Procedure, § 1000.*

Motion for a new trial on exceptions, ordered to be heard in the first instance at the General Term.

The court at General Term said : "This proceeding was to prove an alleged will of Cyrus Webster, purporting to have been made on the 26th day of February, 1873, by which it was claimed that the said Cyrus Webster disposed of all his estate, in substance, equally to and among all his children. The probate of said will was contested by Milton Webster, one of the said children, who claimed under an alleged prior will. The will of February, 1873, was presented and propounded for probate by the executor named therein to the surrogate of Monroe county, who admitted the will to probate. Thereupon the said Milton Webster appealed from the decree of the surrogate to this court, which reversed the decision of the surrogate on questions of fact, and in pursuance of the peremptory provisions of the statute ordered issues to be framed and tried at the Monroe circuit; such issues were framed and a trial was had. On the first trial the jury disagreed The said issues were tried a second time in June last, and upon such trial the jury found all the issues submitted to them in favor of the proponent, thereby finding that the said will of February, 1873,

was executed and attested in the manner prescribed by law. That Cyrus Webster was at the time of making and subscribing the said will of sound mind and memory and capable of making a will, and that the said will was freely and voluntarily executed by him as his last will and testament, without duress, restraint, undue influence, fraud or imposition, practiced upon him by any person or persons. The appellant, Milton Webster, now seeks a review of that decision upon a case and bill of exceptions, and moves for a new trial of the said issues. We find at the end of the case a memorandum that the court ordered the exceptions to be heard in the first instance at the General Term.

Section 1000 of the Code of Civil Procedure differs from section 265 of the Old Code, among other things, in this. That section 1000 of the New Code evidently contemplates a formal order, to be made by the trial judge at anytime during the same term (at which the exceptions were taken), which he is to direct to be entered, ordering that the exceptions taken be heard in the first instance at the General Term, and that judgment on the verdict be suspended in the meantime. It does not appear that any such order was made in this case, and the counsel on both sides seem to have paid no attention to the memorandum at the end of the case, as they both principally argue the question whether the verdict is against evidence ; the memorandum referred to only purports to send the exceptions to the General Term in the first instance. Whereas, upon an order made under section 1000 of the Code of Civil Procedure, or under a direction made under section 255 of the Old Code, only exceptions can be argued.

Besides, although the language of the said section 1000 would appear to embrace the trial of issues, directed by this court on the reversal of a decree of a surrogate, we think, nevertheless, that it has no application to a case situated as this is. The appeal was to the General Term of this court, which is still in possession of the case, for the purpose of ordering a new trial, if a new trial should become necessary or proper. (*Watts* v. *Aikin*, 4 How. Pr., 439; *Wever* v. *Marvin*, 14 Barb., 376; *Marvin* v. *Marvin*, 3 Abb. Ct. of App. Dec., 192–197.)

But, disregarding the manner in which the case is presented, we proceed to consider, in the first place, the exceptions of the

appellant. The counsel for the appellant claimed the right to open and close the case, and excepted to the ruling of the trial judge holding the contrary. A sufficient answer to that exception is to be found in the order framing the issues, which expressly provides that the proponents of the will have the affirmative on the trial of the issues. \* \* \*

This brings us to the merits of the case. The counsel upon both sides seem to have labored under a misapprehension of the powers of this court in regard to the treatment of the verdict of a jury in such a case. The question was fully examined in *Marvin* v. *Marvin*, decided by the Court of Appeals in 1868, and reported in Abbott's Court of Appeals Dec., vol. 3, 192.

In that case it was settled that in such a case this court sits as a court of law, and the verdict is conclusive unless there were such errors in law committed on the trial, or the verdict is so clearly against evidence that it is the duty of the Supreme Court, sitting as a court of law, to set it aside. In that case the Court of Appeals, by Woodruff, judge, among other things, said: "It is claimed that the verdict is not controlling, and that, like an ordinary feigned issue out of chancery, its office and purpose is to assist the conscience of the court, which may nevertheless, on the coming in of the verdict, look into the evidence, and if not satisfied with the finding may order a new trial, or may disregard the verdict and proceed to a determination of the case according to the judgment of the court itself upon all the proofs. I apprehend this is an erroneous view of the effect of the verdict in this proceeding, and that the statute forbids our so regarding the verdict."

We are not satisfied that the practice of ordering the exceptions to be heard in the first instance at a General Term applies to such a case as this, and that we have considered the exceptions in this case, must not be taken as authority for such practice in the future, in a case where exceptions, even if technically well taken, do not necessarily show that the judgment should be reversed.

Having concluded that no error was committed on the trial, and the evidence being in our opinion sufficient to sustain the verdict, we have no course to pursue but to order such a judgment as is required by the verdict, and affirm the previous decision of the

surrogate, whereby the will of February 26, 1873, was admitted to probate. And we are not, as the Court of Appeals was, embarrassed in coming to a conclusion in accordance with the verdict in this case. It seems to us that the verdict was justifiable, and ought to be sustained on the principles laid down by the court of last resort in numerous cases, especially in the case of the *Children's Aid Society* v. *Loveridge* (70 N. Y., 400).

*John H. Martindale,* for the appellant. *D. G. Shuart,* for the respondents.

Opinion by TALCOTT, P. J.; SMITH and HARDIN, JJ., concurred.

New trial denied, and the decree of the surrogate of Monroe county, admitting the will of Cyrus Webster to probate affirmed, upon the verdict of the jury impanelled to try the issues touching the validity of said will, and this decision and said verdict ordered to be certified to the said surrogate by the clerk of this court, with costs to the respondent to be paid by the appellant.